IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 10-cv-00078-PAB

KENNETH L. SMITH,

      Plaintiff,

v.

HON. ALLISON H. EID, et al.,

      Defendants.

---

## ORDER

---

This matter is before the Court *sua sponte* on plaintiff's complaint and jury demand [Docket No. 1].  In every case and at every stage of the proceeding, a federal court must satisfy itself as to its own jurisdiction, even if doing so requires *sua sponte* action.  *Citizens Concerned for Separation of Church & State v. City & County of Denver*, 628 F.2d 1289, 1297, 1301 (10th Cir. 1980).  Absent an assurance that jurisdiction exists, a court may not proceed in a case.  *See Cunningham v. BHP Petroleum Great Britain PLC*, 427 F.3d 1238, 1245 (10th Cir. 2005).

In his complaint, plaintiff challenges the constitutionality of the process by which he was denied admission to the State of Colorado bar, suing the justices of the Colorado Supreme Court, the Colorado Supreme Court, and the Colorado Board of Law Examiners.  Over more than a decade, in multiple federal and state lawsuits, plaintiff has – both directly and indirectly – advanced the same challenge.  *See Smith v. Anderson*, No. 09-cv-01018-PAB, 2009 WL 4035902, at *3 (D. Colo. Nov. 19, 2009)

(summarizing the procedural history of plaintiff's prior lawsuits).

In the present matter, plaintiff raises claims challenging the state bar admission process which are entitled as follows: (1) "Declaratory Judgment – Due Process Void for Vagueness," (2) "Declaratory Judgment – First Amendment Violations," (3) "Violation of Americans With Disabilities Act – Discrimination," (4) "Violations of Americans With Disabilities Act – Discrimination via Unnecessary Burdens," (5) "Declaratory Judgment – Invasion of Privacy," (6) "Declaratory Judgment – Void for Vagueness," (7) "Declaratory Judgment – Equal Protection," (8) "Declaratory Judgment – *Romer v. Evans* Equal Protection," (9) "Declaratory Judgment – *Tattered Cover*."  Compl. [Docket No. 1] at 9-22.

In *Smith v. Mullarkey, et al.*, No. 00-cv-02225-EWN-OES, plaintiff sued the justices of the Colorado Supreme Court and members of the Colorado Board of Law Examiners in this Court challenging the constitutionality of the process by which he was denied admission to the State of Colorado bar.[1]  His claims in that action not only arose out of the same alleged set of facts, but were advanced under largely the same theories as the present action.[2]  The Court dismissed plaintiff's complaint because, *inter alia*, it

---

[1]Plaintiff proceeded to file two more federal lawsuits, *Smith v. United States Court of Appeals for the Tenth Circuit*, 04-cv-01222-REB-OES, and *Smith v. Mullarkey*, 04-cv-01223-REB-OES, both of which "stemm[ed] from the denial of his application for admission to the Colorado bar."  *Smith v. United States Court of Appeals for the Tenth Circuit*, 484 F.3d 1281, 1283 (10th Cir. 2007).  In the intervening years, plaintiff has filed four more federal lawsuits, before the present action, all of which arise out of his failure to be admitted to the Colorado bar.

[2]Plaintiff asserted twenty claims for relief in that first federal action, entitled as follows: (1) "Declaratory Judgment – Void for Vagueness," (2) "Declaratory Judgment – First Amendment Violations," (3) "Violation of the Americans With Disabilities Act," (4) "Violation of the Americans With Disabilities Act," (5) "Violation of 28 C.F.R. Sec. 35.105, *et. seq.*," (6) "Declaratory Judgment – Invasion of Privacy," (7) "Declaratory Judgment – ADA Violation," (8) "Declaratory Judgment – Void for Vagueness," (9)

lacked subject matter jurisdiction. *See* Docket No. 32, No. 00-cv-02225. On appeal, the Tenth Circuit affirmed, stating that

> each of plaintiff's claims is inextricably intertwined with the state court's denial of his application for admission to the state bar; thus, under *Rooker-Feldman*, those claims may not be reviewed by the district courts. Plaintiff's continuing attempts to re-frame the issues so that his claims fall outside the ambit of *Rooker-Feldman* are unavailing. Despite his protests to the contrary, it is clear that plaintiff's injury resulted from the state-court judgment, that his complaint in federal court sought only to upset that judgment, and that the resolution of his federal claims necessarily required consideration of the underlying state-court decision. Accordingly, the district court correctly dismissed plaintiff's complaint for lack of subject matter jurisdiction.

*Smith v. Mullarkey*, 67 F. App'x 535, 538 (10th Cir. 2003) (unpublished) (citation omitted). The Tenth Circuit's reasoning applies equally here. The Court must dismiss plaintiff's case for lack of subject matter jurisdiction.

Moreover, as the Tenth Circuit has recently held, "to the extent Mr. Smith is seeking to relitigate his federal-law challenges to the Colorado Supreme Court's denial of his admission to the bar of the State of Colorado, those challenges are barred by the doctrines of res judicata and collateral estoppel . . . ." *Smith v. Bender*, 350 F. App'x 190, 193 (10th Cir. 2009) (unpublished).[3] Thus, even if this Court had subject matter

_____

"Declaratory Judgment – *Barry v. Barchi*," (10) "Declaratory Judgment – *Elizondo*," (11) "Section 1983 Denial of Due Process," (12) "Civil Rights – 42 U.S.C. Sec. 1985[3]," (13) "Civil Rights – 42 U.S.C. Sec. 1986," (14) "Section 1983 – retaliation," (15) "Section 1983 – supervisory liability under *Woodward*," (16) "Declaratory Judgment – Equal Protection," (17) "Equal Protection," (18) "Sec. 1986 - Supervisory Liability," (19) "Sec. 1983 – ultra vires acts by government officials," and (20) "Equal Protection – *Romer v. Evans*." First Am. Compl. [Docket No. 5, No. 00-cv-02225] at 37-62.

[3]Res judicata "encompasses two distinct barriers to repeat litigation: claim preclusion and issue preclusion." *Park Lake Res. L.L.C. v. USDA*, 378 F.3d 1132, 1135-36 (10th Cir. 2004) (citations omitted). While claim preclusion only applies to judgments on the merits, under the principle of issue preclusion, "dismissals for lack of jurisdiction preclude relitigation of the issues determined in ruling on the jurisdiction question." *Id.* at 1136 (quotation marks and citations omitted). Because "the question

jurisdiction, res judicata and collateral estoppel would be grounds for dismissal of plaintiff's complaint.

Therefore, it is

**ORDERED** that plaintiff's complaint [Docket No. 1] is DISMISSED due to this Court's lack of subject matter jurisdiction.

DATED May 4, 2010.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge

---

of the tribunal's jurisdiction [was] raised in the original action, . . . there is no reason why the determination of the issue should not thereafter be conclusive under the usual rules of issue preclusion." Restatement (Second) of Judgments § 12 cmt. c. at 119 (cited by *Park Lake*, 378 F.3d at 1136). In a case involving a similar argument against res judicata, the Tenth Circuit stated "Mr. Cory has already litigated the question of subject matter jurisdiction on his . . . claims against the defendants. The district court concluded that there was no subject matter jurisdiction for those claims, this Court affirmed that conclusion, and the United States Supreme Court declined to hear the case. The issue has been decided, and Mr. Cory is precluded from asserting it again." *Cory v. Fahlstrom*, 143 F. App'x 84, 87 (10th Cir. 2005) (unpublished).